## BROWN V. BROWN *et al.*

Where in an action before a justice on a joint obligation, proper service is
    made on defendant residing in the county, jurisdiction of the person of
    defendant   residing   out   of   the   county   is   properly   obtained
    by a personal service on him out of the county, under Comp. Laws,
    § 6055, providing that summons cannot be served out of the county of
    of the justice, except where the action is on a joint contract or obliga-
    tion, and the summons has been served on the defendant resident of the
    county.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Hutchinson county.   Hon. E.
G. SMITH, Judge.

Action by Ampheous Brown against Alfred Brown and
Charles Maxwell on a contract.   From a judgment in favor of
plaintiff, defendant Charles Maxwell appeals.   Affirmed.

*G. P. Harben,* for appellant.

*Wellington Brown* and *W. J. Hooper,* for respondent.

FULLER, J.   In Hutchinson county this action was com-
menced in justice court by issuing a summons containing
a statment of facts sufficient to apprise defendants that plaint-
iff was seeking to recover, upon their joint contract, $34.55,
the alleged value of certain wheat delivered to them for storage

on the 24th day of September, 1897, under an express agreement "that, at any time thereafter when the plaintiff desired to sell said wheat, they (the defendants) would pay her the market price thereof in cash; that said defendants accepted said wheat upon said contract, and stored the same in an elevator in the town of Scotland, South Dakota; that on or about the 20th day of January, 1898, the plaintiff elected to sell said wheat, and requested said defendants to pay her the market price for the same, and the defendants refused, failed and neglected to pay her anything at all, but on the contrary, the defendants kept and retained said wheat, and failed, refused, and neglected to deliver said wheat to plaintiff, or to pay her the market price therefor." After the summons had been served in Hutchinson county on the defendant Brown at his home, personal service thereof was had in Bon Homme county on the defendant Maxwell, who resides there. At the time fixed for the trial the defendant Maxwell appeared specially, and, upon an affidavit denying the existence of a joint obligation, made a motion to set aside the summons and the service thereof for the reason that jurisdiction of his person had not been obtained. When this motion and a demurrer directed at the same point had been overruled, a trial of the issues of fact raised by a general denial resulted in a judgment for plaintiff against both defendants; and upon a question of law only the defendant Maxwell appealed to the circuit court, where the action of the court below was in all things sustained, and from a judgment accordingly entered he now appeals to this court.

As the service upon the defendant Brown was confessedly good, appellant's motion to dismiss the action would not be entertainable in the absence of the following statute, within

which the case clearly comes:  "The summons cannot be served out of the county of the justice before whom the action is brought, except where the action is brought upon a joint contract or obligation of two or more persons who reside in different counties, and the summons has been served upon the defendant resident of the county, or found therein, in which case the summons may be served upon the other defendants out of the county." Comp. Laws, § 6055.  This action was brought upon a joint obligation, and appellant, whose liability was clearly established by undisputed evidence, has no reasonable ground for complaint.  The judgment appealed from is affirmed.